Law Library

**IN THE SUPERIOR COURT
OF GUAM**



FILED
SUPERIOR COURT
2012 JUN 25 AM 9: 07
BY _____

MICHAEL J.A.T. SHERBURNE, )
)
        Plaintiff, )
)
    v. )
)
)
TERESA L SHERBURNE, )
)
)
        Defendant. )

Domestic Case no. DM 0725-10

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

This matter came before the Honorable Judge Michael J. Bordallo for a bench trial on January 19, 2012. The Plaintiff was represented by Attorney Ron Moroni. The Defendant was represented by Attorney Daniel S. Somerfleck. Having considered the witnesses' testimony and the evidence presented, the court hereby makes the following findings of fact and conclusions of law:[1]

### FINDINGS OF FACT

1. The parties were married in Guam on September 9, 2006;

2. The parties separated in January of 2009;

3. The parties have experienced irreconcilable differences which have rendered their union impossible to continue;

4. During the marriage the parties have acquired the following community property:

    a.    Jeep with unknown value at the time of separation.[2]

5. During the marriage the parties have acquired the following community debt:

---

[1] To the extent that a finding of fact should be deemed a conclusion of law, or a conclusion of law deemed a finding of fact, it shall so be considered.

[2] The Jeep is in the possession of the Defendant.



ORIGINAL.

a. Auto loan with an unknown balance at the time of separation.

b. AAFES military star card with an unknown balance at the time of marriage or at time of separation.

6. The Plaintiff paid the auto loan payment in the amount of $500.00/month from April 2010 until December 2011. The Plaintiff also paid the AAFES military star card in the amount of $100.00/month from January 2009 and until December 2011.

## CONCLUSIONS OF LAW

7. The court has jurisdiction over the matter pursuant to Chapter 8 of Title 19 of the Guam Code; Section 8411 of Title 19 provides mandates that the court equitably distribute the parties community assets; moreover the court generally has the responsibility and authority to make findings of fact and conclusions of law which equitably divide and designate, assign and distribute the separate debts and separate assets and well as the community debts and community assets of the parties; *Eberle v. Eberle*, 766 N.W.2d 477, 485 (N.D. 2009); Taper v. Taper, 939 A.2d 969, 974 (Pa. 2007); *Sutherland v. Sutherland*, 560 S.W.2d 531, 532 (Tex. Civ. App. 1978);

8. Plaintiff is granted a divorce from Defendant on the grounds of irreconcilable differences;

9. The parties shall bear their own attorney costs;

10. Neither party is dependent upon the other for support or income;

11. The Defendant shall be awarded the Jeep.

12. The Court orders the following concerning the community debts:

a. The Defendant shall submit the Jeep's blue book value as of January 2009 and statements laying out the balance of the auto loan as of January 2009.

ORIGINAL.

b. The Defendant shall submit statements laying out the balance of the AAFES military star card for September 2006 and January 2009. If the star card was obtained after September 2006, then the Defendant shall submit a statement for the month when the card was first obtained.

13. If the Defendant fails to produce the above mentioned documents or statements within 30 days of the date of the courts findings, then Defendant shall be liable for the remaining balances of the auto loan and the AAFES military star card because the Court has no choice but to assume that there was nothing left on the balances of both debts because no evidence was presented concerning the balances of either debt at the date of separation.

14. If the Defendant fails to produce the above mentioned documents or statements within 30 days of the date of the courts findings, the Defendant shall also be liable to the Plaintiff for $10,500.00 in unreimbursed car payments and $3,600.00 in unreimbursed credit card statements because the Court has no choice but to assume that there was nothing left on the balances of both debts because no evidence was presented concerning the balances of either debt at the date of separation.

15. Any property not mentioned by these findings which has been previously divided by the parties shall remain the property of that person.

SO ORDERED, this ___4___ day of ___June___ 2012.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagatna, Guam

6/15/12

Therese M. Blas
Deputy Clerk, Superior Court of Guam

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

Deputy Clerk, Superior Court of Guam

Date: 6/15/12    Time: 9:30a

Deputy Clerk, Superior Court of Guam

Page 3 of 3

ORIGINAL